UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GEORGE HUDGENS,

                 Petitioner,

v.                                      CASE NO. 2:15-CV-13400
                                      HONORABLE SEAN F. COX

RANDALL HAAS,                   UNITED STATES DISTRICT JUDGE

          Respondent.
_____/

## OPINION AND ORDER DENYING THE PETITION FOR WRIT OF HABEAS CORPUS AND DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY OR LEAVE TO APPEAL *IN FORMA PAUPERIS*

      Petitioner George Hudgens, ("Petitioner"), confined at the Macomb Correctional Facility in New Haven, Michigan, seeks the issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  In his *pro se* application, Petitioner challenges his conviction for two counts of second-degree murder, M.C.L.A. 750.317; one count of assault with intent to commit murder, M.C.L.A. 750.83; one count of felonious assault, M.C.L.A. 750.82; one count of felon in possession of a firearm, M.C.L.A. 750.224f; and felony firearm, M.C.L.A. 750.227b.  For the reasons stated below, the petition for writ of habeas corpus is **DENIED**.

## BACKGROUND

      Petitioner was originally charged with two counts of first-degree murder, assault with intent to commit murder, felonious assault, felon in possession of a firearm, and felony-firearm.  Following a jury trial in the Wayne County Circuit Court, Petitioner was convicted of the lesser included offenses of second-degree murder on the murder counts and guilty as

1

charged on the remaining charges.  This Court recites verbatim the relevant facts relied upon

by the Michigan Court of Appeals, which are presumed correct on habeas review pursuant

to 28 U.S.C. § 2254(e)(1). *See Wagner v. Smith,* 581 F.3d 410, 413 (6th Cir. 2009):

> On August 4, 2009, defendant shot three men in a townhouse where marijuana
> was being sold. Two of the men died. A third man, Kenneth Towns, was shot
> once in the head and survived. Another man, Robert Hightower, was present
> at the time of the shootings, but escaped. The defense theory at trial was
> self-defense.

*People v. Hudgens*, No. 300335, 2012 WL 164053, at * 1 (Mich. Ct. App. Jan. 19,

2012).

Petitioner's conviction was affirmed on appeal. *Id., lv. den.* 492 Mich. 854, 817 N.W.

2d 51 (2012).

Petitioner filed a petition for writ of habeas corpus and asked this Court to hold the

petition in abeyance so that he could return to the state courts to exhaust additional claims.

This Court denied the motion to stay but granted petitioner's subsequent motion to dismiss

the petition without prejudice. *Hudgens v. Romanowski*, No. 12-15523, 2013 WL 256031

(E.D. Mich. Jan. 23, 2013).

Petitioner filed a post-conviction motion for relief from judgment pursuant to M.C.R.

6.500, *et. seq*., which the trial court denied. *People v. Hudgens,* No. 10-000313-FC (Third

Cir. Ct., Feb. 25, 2014).  The Michigan appellate courts denied Petitioner leave to appeal.

*People v. Hudgens,* No. 321151 (Mich.Ct.App. Sept. 2, 2014); *lv. den.* 497 Mich. 1012, 862

N.W. 2d 818 (2015).

Petitioner seeks a writ of habeas corpus on the following grounds:

2

I. [Hudgens] was denied his federal and state constitutional right to due process and a fair trial when the Wayne County prosecutor and Detroit police, and trial counsel, failed to thoroughly investigate a crime and the crime scene and process the autopsy report by the medical examiner.

II. Trial counsel's betrayal of [Hudgens]. Mr. Jordan, coupled with his many harmful commissions and omissions, deprived [Hudgens] of the Sixth Amendment right to the effective assistance of counsel.

III. [Hudgens] was denied the effective assistance of counsel guaranteed by the US Const Am VI, Mich Const 1963, Art 1 § 20, when his appellate counsel Susan M. Meinberg neglected strong, critical issues which must be seen as significant and obvious.

IV. Trial counsel's failure to object to prejudicial jury instruction and appella[t]e counsel's failure to raise the issue on direct appeal constitute[s] ineffective assistance of counsel thereby infringing upon [Hudgens'] US Const Amend VI, XIV, and Mich Const 1963, Art 1 § 20 rights.

V. [Hudgens] demonstrated both good cause and actual prejudice stemming from the irregularities that support his claims for relief in this post-appeal proceeding.

VI. The prosecutor violated [Hudgens'] state and federal constitutional due process rights to a fair trial when he improperly denigrated the defense during his closing and rebuttal arguments.

Respondent filed an answer in opposition to the petition for writ of habeas corpus, which is construed as a motion to dismiss on the basis that Petitioner's claims are barred by procedural default. *See Alvarez v. Straub*, 64 F. Supp. 2d 686, 689 (E.D. Mich. 1999).

## DISCUSSION

Respondent claims that Petitioner's claims are procedurally defaulted for various reasons.

When state courts clearly and expressly rely on a valid state procedural bar, federal

3

habeas review is also barred unless a petitioner can demonstrate: (1) "cause" for the default and actual prejudice as a result of the alleged constitutional violation; or (2) can demonstrate that failure to consider the claim will result in a "fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750-51 (1991). If a petitioner fails to show cause for his procedural default, the court need not reach the issue of prejudice. *Smith v. Murray*, 477 U.S. 527, 533 (1986). However, extraordinary cases–where a constitutional error has probably resulted in the conviction of one who is actually innocent–a federal court may consider the constitutional claims presented even in the absence of a showing of cause for procedural default. *Murray v. Carrier*, 477 U.S. 478, 479-80 (1986). To be credible, such a claim of innocence requires a petitioner to support the allegations of constitutional error with new reliable evidence that was not presented at trial. *Schlup v. Delo*, 513 U.S. 298, 324 (1995). "[A]ctual innocence means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623 (1998).

## A.    Petitioner's Sixth Claim

Respondent contends that Petitioner's sixth claim alleging prosecutorial misconduct is procedurally defaulted because Petitioner failed to preserve the issue by objecting at trial and as a result, the Michigan Court of Appeals reviewed the claim for plain error only. Finding none, the Michigan Court of Appeals affirmed the conviction. *People v. Hudgens,* 2012 WL 164053, at * 1-2.

In this case, the Michigan Court of Appeals clearly indicated that by failing to object at trial, Petitioner had not preserved his prosecutorial misconduct claim. The fact that the

Michigan Court of Appeals reviewed Petitioner's sixth claim for plain error does not constitute a waiver by the state of its procedural default rules. *Seymour v. Walker,* 224 F.3d 542, 557 (6th Cir. 2000). Instead, this Court should view the Michigan Court of Appeals' plain error review as enforcement of the procedural default. *Hinkle v. Randle,* 271 F.3d 239, 244 (6th Cir. 2001). In addition, the mere fact that the Michigan Court of Appeals also discussed the merits of Petitioner's sixth claim does not mean that this claim was not procedurally defaulted. A federal court need not reach the merits of a habeas petition where the last state court opinion clearly and expressly rested upon procedural default as an alternative ground, even though it also expressed views on the merits. *McBee v. Abramajtys*, 929 F.2d 264, 267 (6th Cir. 1991). Petitioner's sixth claim is procedurally defaulted.

In the present case, Petitioner has offered no reasons for his failure to preserve his prosecutorial misconduct claim. Although ineffective assistance of counsel may constitute cause to excuse a procedural default, that claim itself must be properly exhausted in the state courts. *See Edwards v. Carpenter*, 529 U.S. 446, 451-52 (2000). Petitioner did not argue in his appeal of right before the Michigan Court of Appeals that trial counsel was ineffective for failing to object to the alleged prosecutorial misconduct. Petitioner in his *pro pe*r application for leave to appeal to Michigan Supreme Court added a claim that trial counsel was ineffective for failing to object to the alleged misconduct. [1] Raising a claim for the first time before the state courts on discretionary review does not amount to a "fair presentation"

---

[1] See Dkt. # 8-14.

5

of the claim to the state courts for exhaustion purposes. *See Castille v. Peoples*, 489 U.S. 346, 351 (1989). Because Petitioner failed to present this claim on his appeal of right with the Michigan Court of Appeals, his subsequent presentation of the claim to the Michigan Supreme Court in his application for leave to appeal did not satisfy the exhaustion requirement for habeas purposes. *See Skinner v. McLemore,* 425 F. App'x 491, 494 (6th Cir. 2011); *Farley v. Lafler,* 193 F. App'x 543, 549 (6th Cir. 2006). Moreover, while Petitioner raised several ineffective assistance of counsel claims in his post-conviction motion, he never raised a claim that trial counsel was ineffective for failing to object to the prosecutorial misconduct. Because Petitioner never properly exhausted any ineffective assistance of counsel claim regarding the failure to object to the misconduct, such a claim cannot be used to excuse any default. Because Petitioner has not demonstrated any cause for his procedural default, it is unnecessary to reach the prejudice issue regarding his sixth claim. *Smith*, 477 U.S. at 533.

**B.      Petitioner's First through Fifth Claims**

Respondent contends that Petitioner's first through fifth claims are procedurally defaulted because Petitioner raised these claims for the first time in his post-conviction motion and failed to show cause and prejudice for failing to raise these claims in his appeal of right, as required by Mich. Ct. R. 6.508(D)(3). [2]

---

[2]   It appears that one of Petitioner's ineffective assistance of trial counsel claims involving the failure to investigate may have been raised for the first time in Petitioner's application for leave to appeal to the Michigan Supreme Court following the affirmance of his conviction on his appeal of right. [Dkt. # 8-14]. Petitioner did not present this claim on his appeal of right with the Michigan Court of Appeals, thus, his subsequent presentation of this claim to the Michigan Supreme Court in his application for leave to appeal did not satisfy the exhaustion

Michigan Court Rule 6.508(D)(3) provides that a court may not grant relief to a defendant if the motion for relief from judgment alleges grounds for relief which could have been raised on direct appeal, absent a showing of good cause for the failure to raise such grounds previously and actual prejudice resulting therefrom.

The Supreme Court has noted that "a procedural default does not bar consideration of a federal claim on either direct or habeas review unless the last state court rendering a judgment in the case 'clearly and expressly' states that its judgment rests on the procedural bar." *Harris v. Reed*, 489 U.S. 255, 263 (1989). If the last state court judgment contains no reasoning, but simply affirms the conviction in a standard order, the federal habeas court must look to the last reasoned state court judgment rejecting the federal claim and apply a presumption that later unexplained orders upholding the judgment or rejecting the same claim rested upon the same ground. *Ylst v. Nunnemaker*, 501 U.S. 797, 803 (1991).

The Michigan Supreme Court rejected Petitioner's post-conviction appeal on the ground that "the defendant has failed to meet the burden of establishing entitlement to relief under MCR 6.508(D)." This order, however, did not refer to subsection (D)(3) nor did it mention Petitioner's failure to raise his post-conviction claims on his direct appeal as a rationale for rejecting these claims. Because the Michigan Supreme Court form order in this case citing Rule 6.508(D) is ambiguous as to whether it refers to procedural default or a denial of post-conviction relief on the merits, the order is unexplained. *See Guilmette v.*

---

requirement for habeas purposes. *See Skinner v. McLemore,* 425 F. App'x. at 494. More importantly, Petitioner's failure to properly raise this ineffective assistance of trial counsel claim to the Michigan Court of Appeals on his appeal of right subjected him to the cause and prejudice requirements of M.C.R. 6.508(D)(3). *Id.*

*Howes*, 624 F.3d 286, 291 (6th Cir. 2010). This Court must "therefore look to the last reasoned state court opinion to determine the basis for the state court's rejection" of petitioner's claims. *Id.*

The Michigan Court of Appeals denied petitioner's post-conviction appeal holding that "[t]he defendant alleges grounds for relief that could have been raised previously and he has failed to establish both good cause for failing to previously raise the issues and actual prejudice from the irregularities alleged, and has not established that good cause should be waived. MCR 6.508(D)(3)(a) and (b)." *People v. Hudgens,* No. 321151 (Mich. Ct. App. Sep. 2, 2014). The Michigan Court of Appeals clearly denied Petitioner post-conviction relief based on the procedural grounds stated in M.C.R. 6.508(D)(3). Thus, Petitioner's post-conviction claims are procedurally defaulted pursuant to M.C.R. 6.508(D)(3). *See Ivory v. Jackson,* 509 F.3d 284, 292-93 (6th Cir. 2007). *See also Howard v. Bouchard,* 405 F.3d 459, 477 (6th Cir. 2005). Petitioner's first, second, and fourth claims are procedurally defaulted.[3]

Petitioner alleges ineffective assistance of appellate counsel as cause to excuse his procedural default. Petitioner, however, has not shown that appellate counsel was ineffective.

It is well-established that a criminal defendant does not have a constitutional right to have appellate counsel raise every non-frivolous issue on appeal. *See Jones v. Barnes*, 463

---

[3] Petitioner could not have procedurally alleged any ineffective assistance of appellate counsel claim, because state post-conviction review was the first opportunity that he had to raise this claim. *See Guilmette*, 624 F.3d at 291. However, for the reasons stated below, petitioner is not entitled to habeas relief on this claim.

U.S. 745, 751 (1983). The United States Supreme Court has explained:

> "For judges to second-guess reasonable professional judgments and impose on appointed counsel a duty to raise every 'colorable' claim suggested by a client would disserve the ... goal of vigorous and effective advocacy.... Nothing in the Constitution or our interpretation of that document requires such a standard."

*Id.* at 463 U.S. at 754.

Moreover, "[a] brief that raises every colorable issue runs the risk of burying good arguments-those that, in the words of the great advocate John W. Davis, 'go for the jugular,'- in a verbal mound made up of strong and weak contentions." *Id.* at 753. (citations omitted).

The Supreme Court has subsequently noted that:

> Notwithstanding *Barnes*, it is still possible to bring a *Strickland* [*v. Washington*] [4] claim based on [appellate] counsel's failure to raise a particular claim [on appeal], but it is difficult to demonstrate that counsel was incompetent."

*Smith v. Robbins,* 528 U.S. 259, 288 (2000).

Strategic and tactical choices regarding which issues to pursue on appeal are "properly left to the sound professional judgment of counsel." *United States v. Perry*, 908 F.2d 56, 59 (6th Cir. 1990). In fact, "the hallmark of effective appellate advocacy" is the "process of 'winnowing out weaker arguments on appeal and focusing on' those more likely to prevail." *Smith v. Murray*, 477 U.S. at 536 (quoting *Barnes*, 463 U.S. at 751-52). "Generally, only when ignored issues are clearly stronger than those presented will the presumption of effective assistance of appellate counsel be overcome." *Monzo v. Edwards,* 281 F.3d 568,

---

[4] 466 U.S. 668 (1984).

579 (6th Cir. 2002). Appellate counsel may deliver deficient performance and prejudice a defendant by omitting a "dead-bang winner," which is defined as an issue which was obvious from the trial record and would have resulted in a reversal on appeal. *See Meade v. Lavigne,* 265 F. Supp. 2d 849, 870 (E.D. Mich. 2003).

Petitioner has not established how appellate counsel's performance fell outside the wide range of professionally competent assistance by failing to raise his first, second, and fourth claims on his appeal of right. Petitioner was represented by the State Appellate Defender's Office. Appellate counsel filed a brief which raised Petitioner's sixth claim alleging prosecutorial misconduct. Petitioner has not shown that appellate counsel's strategy in presenting this claim and not raising other claims was deficient or unreasonable. Moreover, for the reasons stated by the Michigan Attorney General in the answer to the petition for writ of habeas corpus, none of the claims raised by Petitioner in his post-conviction motion were "dead bang winners." Because the defaulted claims are not "dead bang winners," Petitioner has failed to establish cause for his procedural default of failing to raise these claims on direct review. *See McMeans v. Brigano,* 228 F.3d 674, 682-83 (6th Cir. 2000).

Moreover, this Court must reject any independent ineffective assistance of appellate counsel claim raised by Petitioner in his third and fifth claims because these post-conviction claims lack merit. "[A]ppellate counsel cannot be found to be ineffective for 'failure to raise an issue that lacks merit.'" *Shaneberger v. Jones,* 615 F.3d 448, 452 (6th Cir. 2010)(quoting *Greer v. Mitchell,* 264 F.3d 663, 676 (6th Cir. 2001)).

10

Petitioner has failed to establish cause to excuse his procedural default. When cause has not been shown, the Court need not consider whether actual prejudice has been demonstrated. *See, e.g., Smith v. Murray*, 477 U.S. at 533.

Additionally, Petitioner has not presented new reliable evidence to support any assertion of innocence. Accordingly, this Court cannot consider his claims as a ground for a writ of habeas corpus in spite of the procedural default. Here, Petitioner does not deny shooting the victims. Instead, Petitioner claims he did so in self-defense. There is some question as to whether Petitioner's self-defense claim amounts to a claim of factual innocence, which would satisfy the fundamental miscarriage exception to the procedural default rule. *See Caldwell v. Russell,* 181 F. 3d 731, 739-40 (6th Cir. 1999). In the statute of limitations context, the Sixth Circuit has held that a habeas petitioner's claim that he acted in self-defense amounted to a claim of legal innocence, as opposed to factual innocence, and would therefore not toll the limitations period. *See Harvey v. Jones,* 179 F. App'x. 294, 298-99 (6th Cir. 2006)(collecting cases). Moreover, in light of the fact that the victims appear to have been unarmed and excessive force was used–at least with respect to Darnell Tucker being shot five times–Petitioner's self-defense claim is unconvincing. Petitioner has therefore failed to establish that the miscarriage of justice exception applies to excuse the procedural default in this case. *See Gentry v. Trippett,* 956 F. Supp. 1320, 1327 (E.D. Mich. 1997).

Finally, assuming that Petitioner had established cause for his default, he would be unable to satisfy the prejudice prong of the exception to the procedural default rule because

11

his claims would not entitle him to relief.  The cause and prejudice exception is conjunctive, requiring proof of both cause and prejudice. *See Matthews v. Ishee,* 486 F.3d 883, 891 (6th Cir. 2007).  For the reasons stated by the Assistant Attorney General in her answer, the Michigan Court of Appeals in denying Petitioner's sixth claim, and the Wayne County Circuit Court in its opinion denying Petitioner's motion for relief from judgment, Petitioner has failed to show that his claims have any merit.

## C.      Certificate of Appealability

In order to obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2).  To demonstrate this denial, the applicant is required to show that reasonable jurists could debate whether, or agree that, the petition should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further. *See Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000).

When a district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claims, a certificate of appealability should issue and an appeal of the district court's order may be taken if the petitioner shows that: (1) jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right; and (2) that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.  *Id.*  When a plain procedural bar is present and the district court is correct to invoke it, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petition should be allowed to proceed

12

further.  In such a circumstance, no appeal would be warranted. *Id.*  "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254; *See also Strayhorn v. Booker,* 718 F. Supp. 2d 846, 875 (E.D. Mich. 2010).

Petitioner's certificate of appealability should be denied because reasonable jurists would not find it debatable whether this Court was correct in determining that Petitioner's claims are procedurally defaulted. *See Harris v. Stegall,* 157 F. Supp. 2d 743, 751 (E.D. Mich. 2001).

### CONCLUSION & ORDER

For the foregoing reasons, **IT IS ORDERED** that the petition for writ of habeas corpus is **DENIED WITH PREJUDICE**.

**IT IS FURTHER ORDERED THAT** The Court a certificate of appealability is **DENIED**.

**THE COURT FURTHER DENIES** Petitioner leave to appeal *in forma pauperis,* because the appeal would be frivolous. *See Myers v. Straub,* 159 F. Supp. 2d 621, 629 (E.D. Mich. 2001).

**IT IS SO ORDERED.**

S/Sean F. Cox
Sean F. Cox
United States District Judge

Dated:  July 22, 2016

I hereby certify that a copy of the foregoing document was served upon counsel of record on July

13

22, 2016, by electronic and/or ordinary mail.

S/Jennifer McCoy
Case Manager